IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NEXCO PHARMA GROUP OF COMPANIES, § § Plaintiff, § § v. § § KALIDA, B.V., a Belgian § Corporation; DR. KENNY § DE MEIRLEIR, Individually; § CARINE ROSA JEAN DE MEIRLEIR- § MUYLDERMANS, Individually; § CHRISTOPHER ROELANT, § Individually; ALEXIS BOGAERT, § Individually; FRANK DECONINCK, § Individually; JAN CABRI, § Individually; GERT VERBESSEM, § Individually; PHILIPPE § VAN VRECKEM, Individually; MARC § FREMONT, Individually; DANNY § COOMANS, Individually; MONA § ELIASSEN, Individually; PROTEA § BIOPHARMA, a Belgian Corporation,§ R.E.D. LABORATORIES, a Belgian § Corporation; BIORED, a Belgian § Corporation; HIMMUNITAS, a § Belgian Association; DANIELLE § DE MEIRLEIR, Individually; § KATHLEEN DE MEIRLEIR, § Individually; and BNP PARIBAS § FORTIS, a Belgian Bank, § § Defendants. § | CIVIL ACTION NO. H-13-1723 |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the court is Defendant Kenny De Meirleir's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction (Docket Entry No. 9) ("Motion to Dismiss"). Nexco

Pharma Group of Companies ("Nexco") filed a response[1] and De Meirleir replied.[2] For the reasons stated below, the court will deny De Meirleir's Motion to Dismiss.

## I. Factual and Procedural Background

Nexco filed suit against a number of defendants including De Meirleir alleging trademark infringement under the Lanham Act 15 U.S.C. §§ 1114, 1125, trademark dilution, breach of contract, unfair competition, counterfeiting, and fraud. Nexco is a Texas business organization.[3] De Meirleir is a citizen and resident of Belgium. Nexco alleges that the court has subject-matter jurisdiction under 15 U.S.C § 1121 and 28 U.S.C. §§ 1331, 1338(a).

Nexco developed, owns, and distributes Nexavir Stock Solution Liquid ("Nexavir")[4] used for treatment of acute allergic reactions.[5] Nexco contends that De Meirleir negotiated the agreement between Nexco and Himmunitas that is the subject of this lawsuit and purchased approximately one thousand vials of Nexavir per month

---

[1]Plaintiff's Response to Defendant, Kenny De Meirleir's, Motion to Dismiss ("Response"), Docket Entry No. 16.

[2]Defendant Kenny De Meirleir's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to 12(b)(2) ("Reply"), Docket Entry No. 17.

[3]Original Complaint and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction ("Plaintiff's Complaint"), Docket Entry No. 1, p. 2.

[4]Declaration of Roger Sahni, Exhibit A to Response, Docket Entry No. 16-1, p. 2 ¶ 1.

[5]Plaintiff's Complaint, Docket Entry No. 1, p. 7 ¶ 27.

from Nexco.[6] De Meirleir argues that the court does not have personal jurisdiction over him because Nexco has not established that De Meirleir had minimum contacts with Texas necessary to give rise to specific jurisdiction.[7] De Meirleir contends that he has only been to Texas two times, and "has never executed any contract with a Texas resident, nor has he ever provided any products or services in or into the State of Texas."[8] Nexco argues that De Meirleir contacted Nexco in Texas and negotiated a contract through e-mail and phone calls with Nexco's representative in Texas.[9] Nexco also contends that De Meirleir came to Texas to negotiate the deal himself.[10]

## II. Standard of Review

When a foreign defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant." Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 343 (5th Cir. 2002) (internal quotation marks omitted). "When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary

---

[6] Plaintiff's Complaint, Docket Entry No. 1, pp. 8-9 ¶¶ 29-30.

[7] Motion to Dismiss, Docket Entry No. 9, p. 2.

[8] Id. at 4-5 ¶ 8.

[9] Response, Docket Entry No. 16, p. 6 ¶ 16.

[10] Id. at 10 ¶ 26.

hearing, the plaintiff may bear his burden by presenting a <u>prima facie</u> case that personal jurisdiction is proper." <u>Id.</u> (internal quotation marks omitted). "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." <u>Id.</u> at 344 (internal quotation marks omitted). "Absent any dispute as to the relevant facts . . . whether personal jurisdiction may be exercised over a nonresident defendant is a question of law." <u>Ruston Gas Turbines, Inc. v. Donaldson Co.</u>, 9 F.3d 415, 418 (5th Cir. 1993).

For a court to have personal jurisdiction over a nonresident defendant (1) the state's long-arm statute must apply to that defendant, and (2) the requirements of federal due process must be satisfied. <u>Electrosource, Inc. v. Horizon Battery Technologies, Ltd.</u>, 176 F.3d 867, 871 (5th Cir. 1999). "Because Texas' long-arm statute has been interpreted to extend to the limits of due process, [the court] need only determine whether subjecting [the nonresident defendant] to suit in Texas would offend the due process clause of the 14th Amendment." <u>Id.</u> The exercise of personal jurisdiction over a nonresident defendant comports with federal due process guarantees when the nonresident defendant has established minimum contacts with the forum state and the exercise of jurisdiction "does not offend traditional notions of fair play

and substantial justice." Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945) (internal quotation marks omitted).

## A. Minimum Contacts and Specific Jurisdiction

Minimum contacts can give rise to either specific or general personal jurisdiction. Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001).[11] Courts may exercise specific jurisdiction over a nonresident defendant if the plaintiff shows that (1) the nonresident defendant has minimum contacts with the forum state, i.e., that "it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there," and (2) the plaintiff's cause of action arises out of or results from the nonresident defendant's contacts with the forum state. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006) (quoting Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002)). If the plaintiff satisfies these two elements, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." Id. "For specific jurisdiction, the defendant must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that arise out of or relate to the defendant's

---

[11]Because the court concludes that it has specific jurisdiction over the defendant, the court will not address general jurisdiction.

-5-

activities directed at the forum." <u>Coats v. Penrod Drilling Corp.</u>, 5 F.3d 877, 884 (5th Cir. 1993) (citing <u>Burger King Corp. v. Rudzewicz</u>, 105 S. Ct. 2174, 2183 (1985)). "The focus is on the relationship between the defendant, the forum, and the litigation." <u>Id.</u> (citing <u>Burger King</u>, 105 S. Ct. at 2183). "A single purposeful contact may confer jurisdiction." <u>Luv N' care, Ltd. v. Insta-Mix, Inc.</u>, 438 F.3d 465, 470 n.3 (5th Cir. 2006).

## B. Traditional Notions of Fair Play and Substantial Justice

In order to establish personal jurisdiction over a nonresident defendant the plaintiff must also show that the exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." <u>Asahi Metal Indus. Co. v. Superior Court of California</u>, 107 S. Ct. 1026, 1033 (1987). In evaluating the reasonableness of the exercise of jurisdiction over the defendant, the court should consider several factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interest of the interstate judicial system in obtaining the most efficient resolution of the controversy, and (5) the interest of the states in furthering substantive social policies. <u>Id.</u>

## III. Analysis

### A. Minimum Contacts

Nexco argues that De Meirleir purposely "directed his activities towards Plaintiff, a Texas resident."[12] Nexco submitted

---

[12]Response, Docket Entry No. 16, p. 9 ¶ 25.

a Declaration from Roger Sahni, the President and Chief Executive Officer of Nexco, in which Sahni stated:

> 3. I was initially contacted at my registered electronic mail address for my Texas company by Kenny De Meirleir to inquire about NEXCO's product. In the course of negotiations, Mr. De Meirleir communicated with me regularly via electronic mail at NEXCO's registered business electronic mail address. Mr. De Meirleir made multiple phone calls to me at my Houston, Texas number. Further, Mr. De Meirleir personally visited Houston, Texas on multiple occasions for in-person negotiations of our agreement. These negotiations were conducted at the Houstonian Hotel, Club, and Spa, located at 111 North Post Oak Lane, Houston, Texas 77024.[13]

Nexco also submitted e-mail exchanges between Sahni and De Meirleir from May of 2005 through January of 2009.[14] In one e-mail De Meirleir introduced Sahni to De Meirleir's "business development person," Ken Schepmans,[15] and suggested meeting personally with Sahni in Houston, Texas:

> Dear Roger [Sahni],
>
> Our business development person, Mr Ken Schepmans will contact you next week. It would be best that we travel to you to discuss details. Could you give us a one year exclusive dealership for Europe with option to extend if the operation is a success?
>
> Sincerely,
>
> Kenny De Meirleir[16]

---

[13] Sahni Declaration, Ex. A to Response, Docket Entry No. 16-1, p. 2.

[14] E-mail communications, Exhibit A to Response, Docket Entry No. 16-1, pp. 4-44.

[15] Id. at 6.

[16] Id.

In these e-mails Sahni and De Meirleir discussed details related to their business venture and details about the payments, deliveries, and other tasks related to the business after the contract had been signed.[17] The facts alleged in Plaintiff's Complaint and in the Declaration of Roger Sahni easily satisfy the plaintiff's burden of establishing a prima facie case of personal jurisdiction over De Meirleir.

### B. Traditional Notions of Fair Play and Substantial Justice

De Meirleir argues that "it would be an immense burden for the defendant to travel over 5,000 miles from Europe, which is also the location of all offices, documents, and witnesses, to litigate a dispute of which he should not even be a party."[18] De Meirleir also contends that "Texas has little interest in this matter"[19] and that there are no social policies that would be furthered by deciding this case in Texas.[20] In Central Freight Lines Inc. v. APA Transport Corp., 322 F.3d 376, 384-85 (5th Cir. 2003), the defendant argued that because it had limited contacts with the forum, and the products from their contract were delivered outside of Texas, exercising personal jurisdiction would be unfair and

---

[17]Id. at 27.

[18]Reply, Docket Entry No. 17, p. 6.

[19]Id.

[20]Id. at 6-7.

unreasonable. Id. at 385-86. The Fifth Circuit held that reaching out to a Texas resident with the goal of establishing a long-term relationship with a Texas resident gave the defendant "fair warning" that it might be sued in Texas for an alleged breach of contract or other intentional torts. Id. at 386. The court also held that the plaintiff's breach of contract and intentional tort claims were sufficient to "satisfy Due Process concerns about traditional notions of fair play and substantial justice." Id. at 384-85.

It was not unforeseeable that De Meirleir would be haled into a Texas court after purposefully availing himself to the forum via e-mail, telephone, and personal visits as part of a course of business with Nexco that included contract negotiations and purchases pursuant to the agreement. Texas has an interest in protecting a Texas resident in a breach of contract and intentional tort suit even though some of the parties' dealings occurred outside of the state. See id. at 384-86. The court concludes that exercising personal jurisdiction over De Meirleir does not offend traditional notions of fair play and substantial justice.

## IV. Conclusions and Order

The court concludes that De Merleir purposefully availed himself to Texas and had sufficient contacts to establish specific jurisdiction over him. The court also concludes that De Meirleir did not meet his burden of showing that exercising personal

jurisdiction over him would offend traditional notions of fair play and substantial justice. Accordingly, Defendant Kenny De Meirleir's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction (Docket Entry No. 9) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 25th day of June, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE